WALDO vs. MANITOWOC COUNTY.

*December 13, 1881 — January 10, 1882.*

*County Offices.*

Where the county supervisors provide an office in the court house of the county for a county officer (in this case a county judge), if he takes and occupies an office elsewhere, he cannot recover from the county any moneys paid by him as rent therefor.

APPEAL from the Circuit Court for *Brown* County.

The plaintiff was county judge of Manitowoc county during the years 1870 to 1873, inclusive. He kept his office away from the court house during his whole term, and paid the rent thereof. In May, 1878, he presented to the board of supervisors a claim against the county for the amount of rent so paid by him. The board disallowed the claim. The plaintiff thereupon appealed to the circuit court. The cause was tried in that court without a jury, and resulted in a judgment dismissing the complaint, with costs. The plaintiff appealed to this court.

For the appellant there was a brief by *Henry 'Sibree*, his attorney, with *H. G. & W. J. Turner*, and oral argument by *W. J. Turner.*

For the respondent there was a brief by *W. A. Warder*, district attorney, with *C. E. Estabrook*, of counsel, and oral argument by *Mr. Estabrook.*

LYON, J.   The judgment against the plaintiff went upon several grounds, but one of which will be noticed.  The court found, among other things, "that there were, during the said years, rooms in the Manitowoc court house offered to said plaintiff for his said office by the county board of Manitowoc county, which rooms so offered the plaintiff declined to occupy." There is conflict in the testimony on the subject, but we think there is sufficient testimony to support the above finding of fact.   This being so, the complaint was properly dismissed, and the judgment must be affirmed.   When the board of supervisors provides an office in the court house of the county for a county officer, the duty of the county in that behalf is performed, and the officer can be compelled to occupy the office provided.   If he take his office elsewhere, he does so in his own wrong; and, although the board do not resort to extreme measures to compel him to his duty, he cannot, by his wrongful act, fasten an additional burden on the county. This is too clear for discussion.

*By the Court.*— Judgment affirmed.